## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 07 2015

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

GERALDINE GRANVILLE

           Plaintiff,

    -against-

PORTFOLIO RECOVERY ASSOCIATES,
LLC
A Virginia Corporation

           Defendant.

Civil Action No.

2:15cv52-JM

**JURY TRIAL DEMANDED**

This case assigned to District Judge _Moody_
**ORIGINAL COMPLAINT** Magistrate Judge _Deere_

Plaintiff, Geraldine Granville (Granville), by her undersigned counsel brings this action against

Portfolio Recovery Associates, LLC (Portfolio), and states:

### STATEMENT OF JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331, 15 U.S.C.

§1692k(d) and 15 U.S.C. §1681p.

2.     This action arises out of Defendant's violations of the Fair Debt Collection

Practices Act, 15 U.S.C. §1692, et seq. and violations of the Fair Credit Reporting Act, 15 U.S.C.

§1681, et seq.

3.     The acts and events complained of in this Complaint occurred within Marianna,

Lee County, Arkansas.

4.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2) because the events giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES TO THE CLAIM

5.      The averments set forth in paragraphs 1-4 are adopted herein and incorporated as if set forth word for word.

6.      Granville is a resident of Marianna, Lee County, Arkansas, and is a "consumer" as defined by 15 U.S.C. §1692a(3), and/or "any person" as defined by 15 U.S.C. §1692d;

7.      At the time of the incident described further herein, Portfolio was a corporation duly authorized to conduct business in the State of Arkansas as a "debt collector," as that term is defined by 15 U.S.C. §1692a(6) and is registered and licensed with the Arkansas State Board of Collection Agencies, and attempting to collect a "debt," as defined in 15 U.S.C. §1692a(5).

8.      Portfolio served via its registered agent:

> Corporation Service Company
> 300 Spring Building, Suite 900
> 300 S. Spring Street
> Little Rock, AR  72201

## FACTUAL BACKGROUND

9.      The averments set forth in paragraphs 1-8 are adopted herein and incorporated as if set forth word for word.

10.      Portfolio filed a lawsuit against Granville in the District Court of Lee County, Arkansas on April 21, 2014 alleging a consumer debt.

11.      Although in its lawsuit, Portfolio mis-spelled Granville's name as "Geralbine", Granville accepted service of the Complaint.

12.      The lawsuit and attached affidavit alleges Granville defaulted on a credit card

account obligation with the original creditor, CIT Bank.  A copy of that suit is attached hereto as "**Exhibit 1**" and incorporated as if set forth word for word.

13.     Portfolio asserted it purchased and was assigned the account.

14.     The Complaint filed by Portfolio, and the attached affidavit, reflect an amount due of $2,646.18.

15.     Upon information and belief, the original creditor informed Granville that the account was paid in full in 2009.

16.     Upon information and belief, Granville received no additional account statements from the original creditor after the account was paid in full in 2009.

17.     By attempting to collect an amount not owed, Portfolio is in violation of **15 U.S.C. §1692e(5),** taking action that cannot legally be taken.

18.     The Complaint further requests costs, post-judgment interest at the "contract rate" and for all other proper relief.

19.     Because "costs, post-judgement interest at the contract rate and all other proper relief" are not authorized by the agreement creating the debt, the Complaint seeks to collect amounts not authorized by contract in violation of **15 U.S.C. §1692f(1).**

20.     By not attaching the agreement upon which it is suing, Portfolio is making a false representation of the character, amount, or legal status of the debt in violation of **15 U.S.C. §1692e(2)(A).**

21.     By not attaching the agreement upon which it is suing, Portfolio is engaging in unfair or unconscionable means in its attempt to collect the alleged debt in violation of **15 U.S.C. §1692f.**

22.     Portfolio attached no evidence that it purchased the debt from the original creditor

3

and; thus, is taking action which cannot legally be taken in violation of **15 U.S.C. §1692e(5)**.

23.     Portfolio is in violation of **15 U.S.C. §1692e(10)** by making false representations and engaging in deceptive means in attempting to collect the debt by its inability to document any agreement between Granville and any creditor.

24.     At the time it commenced the action against Granville, Portfolio possessed insufficient evidence and intended not to further investigate in violation of **15 U.S.C. §1692(e)(5)**.

25.     Portfolio is seeking to collect amounts not owed in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

26.     Portfolio has reported to all three credit reporting agencies that Granville is indebted to Portfolio in the amount of $2,646.

27.     By reporting amounts not owed by Granville, Portfolio is in violation of **15 U.S.C. §1692e(2)(A)** which prohibits the false representation of the character, amount, or legal status of any debt.

28.     Portfolio's conduct violates the FDCPA for which strict liability applies pursuant to **15 U.S.C. §1692, et seq**.

29.     Portfolio's conduct violates the FDCPA for which statutory damages apply pursuant to **15 U.S.C. §1692k(a)(2)(A)**.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

30.     The averments set forth in paragraphs 1-29 are adopted herein and incorporated as if set forth word for word.

31.     Portfolio is in violation of various sections of the Fair Debt Collection Practices Act as alleged above:

a.      15 U.S.C. §1692e(2)(A): Making a false representation of the character, amount, or legal status of any debt;

b.      15 U.S.C. §1692e(5): Taking action that cannot legally be taken or that is not intended to be taken;

c.      15 U.S.C. §1692e(10):  The use of any false representation or deceptive means to collect any debt;

d.      15 U.S.C. §1692f:  Using unfair or unconscionable means to collect or attempt to collect any debt;

e.      15 U.S.C. §1692f(1):  The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

32.     The averments contained in paragraphs 1-31 are hereby incorporated as if set forth word for word.

33.     Portfolio, despite actual knowledge that Granville had paid the alleged debt, reported to all three credit reporting agencies that Granville was indebted to Portfolio in violation of **15 U.S.C. 1681s-2(a)(1)(A).**

## DAMAGES

34.     The averments set forth in paragraphs 1-33 are adopted herein and incorporated as if set forth word for word.

35.     As a direct and proximate result of the occurrence made the basis of this lawsuit, Granville is entitled to the following damages:

a.   actual costs, expenses and attorney fees pursuant to 15 U.S.C §1692(k)(a)(3);

   b. statutory damages in the maximum amount of: $1,000.00 pursuant to 15 U.S.C. §1692(k)(a)(2)(A).

   c. actual damages pursuant to 15 U.S.C. §1692k(a)(1) for mental anguish, stress and humiliation.

   d. actual damages and attorney fees and costs pursuant to 15 U.S.C. §1681n.

## DEMAND FOR JURY TRIAL

36. The averments set forth in paragraphs 1-35 are adopted herein and incorporated as if set forth word for word.

37. Granville demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, Granville prays that:

1. She be granted statutory damages pursuant to the 15 U.S.C. §1692k(a)(2)(A);

2. She be granted actual damages pursuant to the 15 U.S.C. §1692k(a)(1);

3. She be granted costs and attorney fees pursuant to 15 U.S.C. §1692k(a)(3).

4. She be granted actual damages, costs and attorney fees pursuant to 15 U.S.C. §1681n.

Respectfully submitted,

_J.R. Andrews_

J.R. Andrews, Esq.   ABN 92041
**ANDREWS LAW FIRM**
2014 Martha Drive
Little Rock, Arkansas 72212
Telephone: (501) 680-3634
jrandrewsatty@yahoo.com

Attorney for Plaintiff

FILED

APR ? ? 2014

**IN THE DISTRICT COURT OF LEE COUNTY, ARKANSAS**
**MARIANNA DIVISION**

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                                    **PLAINTIFF**

Lee County District Clerk

**V.**                                    CASE NO. CV-14-55

**GERALDINE GERALBINE**                                    **DEFENDANT**

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a corporation authorized to bring this action under Ark. Code Ann. § 4-27-1501.

2. That the Defendant is a resident of Lee County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her CIT BANK account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is as follows, principle amount, $2,646.18, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $ 2,646.18, for all costs herein paid and expended, for post-judgment interest at the contract rate, and for all other proper relief.

Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

Lori Withrow (98069)

Exhibit
1

S&A File No. 13-03308-0

**AFFIDAVIT**

FILED

APR 2 1 2014

State of California
City of San Diego ss.

I, the undersigned, _____Mark Lozano_____, Custodian of Records, for Portfolio Recovery Associates, LLC
hereby depose, affirm and state as follows:

1.      I am competent to testify to the matters contained herein.

2.      I am an authorized employee of Portfolio Recovery Associates, LLC, ("Account Assignee") which is doing
business at Riverside Commerce Center, 120 Corporate Boulevard, Norfolk, Virginia, and I am authorized to make the
statements, representations and averments herein, and do so based upon a review of the business records of the Original
Creditor **CIT BANK/DELL FINANCIAL SERVICES, LLC** and those records transferred to Account Assignee from
**DELL FINANCIAL SERVICES, LLC** ("Account Seller"), which have become a part of and have integrated into
Account Assignee's business records, in the ordinary course of business.

3.      According to the business records, which are maintained in the ordinary course of business, the account, and all
proceeds of the account are now owned by the Account Assignee, all of the Account Seller's interest in such account
having been sold, assigned and transferred by the Account Seller on **12/19/2012**. Further, the Account Assignee has been
assigned all of the Account Seller's power and authority to do and perform all acts necessary for the settlement,
satisfaction, compromise, collection or adjustment of said account, and the Account Seller has retained no further interest
in said account or the proceeds thereof, for any purpose whatsoever.

4.      According to the records transferred to the Account Assignee from Account Seller, and maintained in the ordinary
course of business by the Account Assignee, there was due and payable from **GERALDINE GERALBINE** ("Debtor and
Co-Debtor") to the Account Seller the sum of **$2,646.18** with the respect to account number **ending i__ ____** as of the date
of **7/26/2010** with there being no known un-credited payments, counterclaims or offsets against the said debt as of the date
of the sale.

5.      According to the account records of said Account Assignee, after all known payments, counterclaims, and/or
setoffs occurring subsequent to the date of sale, Account Assignee claims the sum of **$2,646.18** as due and owing as of the
date of this affidavit.

6.      Plaintiff believes that the defendant is not a minor or an incompetent individual, and declares that the Defendant is
not on active military service of the United States.

Portfolio Recovery Associates, LLC

By: _____Mark Lozano_____, Custodian of Records

STEPHEN P. SENECA
COMM. #1989109
NOTARY PUBLIC • CALIFORNIA
SAN DIEGO COUNTY
Commission Expires Aug. 25, 2016

Subscribed and sworn to before me on **2-24** of **2014**,
by _____Mark Lozano_____, proved to me on the basis of satisfactory evidence to be
the person(s) who appeared before me.

_____
Notary Public



13-03308-0

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.